IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FEDERAL NATIONAL MORTGAGE ) <br> ASSOCIATION, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 1:10-cv-01958 AWI JLT <br><br> FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND REMAND THE MATTER TO KERN COUNTY SUPERIOR COURT <br><br> (Docs. 1, 3) |

Daniel Lopez is seeking to remove an action from the Kern County Superior Court based upon his claim that the Federal National Mortgage Association is a foreign corporation and, based thereon, claims that, in fact, the United States of America is the real party in interest. (Doc. 1) Currently before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc. 3)

**I.  The motion to proceed in forma pauperis is recommended to be denied because the matter is frivolous, is filed for purposes of harassment and fails to state a claim.**

On October 19, 2010, Lopez filed an application to proceed in IFP pursuant to 28 U.S.C. § 1915. (Doc. 3) Under 28 USC § 1915(e)(2), the Court is obligated to deny the motion to

1

proceed IFP if the allegation of poverty is untrue or the action is frivolous or malicious, it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune.  For the reasons set forth below, the Court recommends that the motions to proceed IFP be **DENIED** and the action be **REMANDED** to the Kern County Superior Court.

### A.     Background

On May 24, 2010, Lopez and Rita Lopez[1] were sued in Kern County Superior Court in case number S-1500-CL-249339 for unlawful detainer.[2]  The underlying state court complaint, attached to Lopez's filing as Exhibit 1, details that on March 16, 2010, the Federal National Mortgage Association foreclosed on the property where Lopez and Rita Lopez lived.  (Doc. 1, Exhibit 1) Although the Lopezs were served with notices to quit the property, they failed to do so.  Id.  In the unlawful detainer action, Federal National Mortgage Association sought to have the Lopezs evicted from the property and to receive an award of $50 per day rental value. Id.

The Lopezs were served on May 25, 2010–Daniel Lopez was served via substituted service to Rita Lopez– although proof of service was not filed until July 20, 2010.  The Lopezs filed demurrer to the complaint which were denied on July 6, 2010.  They filed their answer to the complaint on July 12, 2010.  The court set the matter for trial to occur on October 20, 2010.  The day before the trial was to commence, on October 19, 2010, Lopez filed his notice of removal to this Court.

### B.     The current matter

Lopez purports to file a motion to remove the state court action based upon diversity of

---

[1] The relationship between Rita Lopez and Daniel Lopez is unclear.

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the Kern County Superior Court, containing the court system's records for filings in that Court is subject to judicial notice.

citizenship and because he contends that the United States of America is the real party in interest.[3] Lopez asserts that the Court has original jurisdiction in this matter under 28 USC §§ 1346 and 2410. (Doc. 1 at 4) Toward this end, Lopez asserts that the Federal National Mortgage Association is a foreign corporation. He provides no evidence to this effect but, on this basis, he claims that the United States is the real party in interest.[4] Id.  Finally, Lopez fails to provide any evidence that his codefendant, Rita Lopez, joins in the removal.

### C. The matter was not timely removed

Under 28 U.S.C. § 1446(b) provides,

> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a **notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**, **except that a case may not be removed** on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] **more than 1 year after commencement of the action**.

Emphasis added. As noted, Lopez defended himself in the action filed in the Kern County Superior Court by filing a demurrer to the complaint and later by filing an answer. Notably, the Kern County Superior Court docket for case number S-1500-CL-249339 demonstrates that Rita

---

[3] Although purportedly a motion to remove, Lopez creates a new caption and names himself as the "petitioner," despite that he was a defendant in the state court action. Moreover, he omits reference to the other defendant in the state court action, Rita Lopez. However, whether it is a motion to remove or an original complaint, for the reasons set forth, the Court has no jurisdiction in this matter.

[4] In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court held that, in evaluating pleadings, a trial court is entitled and, indeed required, to apply a "plausibility" standard. The Court held, "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The Court instructed, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

1  Lopez was served for herself and served as a substitute for Lopez on May 25, 2010. Service was
2  proven on the docket through the filing of proofs of service.[5]  Although Lopez asserts that he was
3  not properly served, he has failed to evidence this fact and it is contradicted by the docket and his
4  actions in defending against the action.  Therefore, the matter had to be removed no later than 30
5  days from service.  Instead, Lopez did not file his notice of removal until October 19, 2010.
6  Because this was not timely, the matter cannot be removed to this Court.

### D.  There is no evidence that Rita Lopez joins in this action

In his notice of removal, Lopez fails to indicate that Rita Lopez, his codefendant in the state court proceeding, joins in the removal.  The "rule of unanimity" requires that in a case involving multiple defendants, all defendants must join in a removal petition. Chicago, Rock Island, & Pacific Railway Co. v. Martin, 178 U.S. 245, 248 (1900).  In fact, Lopez fails to mention Rita Lopez and fails to indicate her consent to the removal. Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225-26 (9th Cir. 2009).

Title 28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Removal statutes are to be strictly construed and any doubts are to be resolved in favor of state court jurisdiction and remand. See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  The Court may remand an action to state court for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981).  Thus, "the defendant bears the burden of actually proving the

---

[5]"The filing of a proof of service creates a rebuttable presumption that the service was proper." Floveyor Internat., Ltd. v. Superior Court, 59 Cal.App.4th 789, 795(1997).

facts to support jurisdiction, including the jurisdictional amount." <u>Sanchez v. Monumental Life Ins.</u>, 102 F.3d 398, 403 (9th Cir. 1996) (citing <u>Gaus v. Miles</u>, 980 F.2d 564, 566-67 (9th Cir. 1992)); see also <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007); <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Thus, the notice of removal is defective.

## RECOMMENDATIONS

It appears that Lopez's filing here was an improper attempt to thwart the state court trial. The removal was not timely and it violates the rule of unanimity. Because the Court has no jurisdiction in the matter, the Court hereby **RECOMMENDS** that:

1. The application to proceed in forma pauperis be **DENIED**;
2. The motion to remove the matter be **DENIED**;
3. The matter be **REMANDED** to the Kern County Superior Court;
4. Because the order remanding this matter to state court concludes this case, the Clerk of the Court be ordered to close this matter.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 23, 2010**                              **/s/ Jennifer L. Thurston**
                                                                                   UNITED STATES MAGISTRATE JUDGE