IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>      Petitioner,<br><br>    vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, UNITED STATES OF AMERICA, REAL PARTY IN INTEREST,<br><br>      Defendant. | Case No. 1:10-cv-01958 LJO JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REMANDING THE MATTER TO THE KERN COUNTY SUPERIOR COURT<br><br>(Doc. 3, 4) |

    Daniel Lopez is seeking to remove an unlawful detainer action from the Kern County Superior Court. To this end, Lopez claims that the Federal National Mortgage Association ("FNMA") is a foreign corporation and, based thereon, claims that, in fact, the United States of America is the real party in interest.[1] (Doc. 1) Based thereon, Lopez alleges that the Court has original jurisdiction to conduct his unlawful detainer action. <u>Id.</u> Along with his notice of removal, Lopez filed a motion to proceed in forma pauperis ("IFP").

---

[1] The Court acknowledges that the FNMA *is* an agency of the United States government (12 § USC § 1717(a)), but how this translates into Plaintiff's allegation that the FNMA is a "foreign corporation" and "not a 'citizen' of the United States, or of any state of the United States" (Doc. 1 at 3) is not explained in Lopez's petition.

1

1    On October 25, 2010, the Magistrate Judge filed a Findings and Recommendations recommending that the IFP motion be denied because and the complaint be dismissed with prejudice because the matter was improperly removed. (Doc. 4 at 3-4) The Findings and Recommendations was based upon the determination that the matter was not timely removed from the Kern County Superior Court and because there was no indication that the co-defendant joined in the removal. Id.

On November 15, 2010, Lopez filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 5) In the objections, Plaintiff reiterates many of the allegations raised in his complaint but fails to provide any basis upon which the Court can conclude that the Findings and Recommendations were improvidently made.

In particular, Lopez argues that substituted service upon him was not properly made and submits evidence in support of this position. (Doc. 5 and attachments thereto)  Lopez argues that the process server failed to attempt personal service before he served Lopez through substitute service to his wife/co-defendant Rita Lopez. Id.  Also, he argues that the process server was precluded from serving the summons and complaint due to felony convictions. Id.  However, this evidence, even if accepted as true, Lopez's objections do not demonstrate that the notice of removal was timely.

28 U.S.C. § 1446(b) does not require *effective* service as the only means of triggering the 30-day removal period.  This statute reads in pertinent part, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, **through service or otherwise,** of a copy of the initial pleading . . ." (Emphasis added.)  It is undisputed that the Rita Lopez *actually received* a copy of the complaint for Lopez on May 25, 2010. (Doc. 5, Rita Lopez Dec at 2)[2]  The dispute centers only on whether this was sufficient service of

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also

process according to the California Code of Civil Procedure.

Likewise, it is undisputed that Lopez filed a demurrer to the complaint and the Kern County docket makes clear that he filed it on June 1, 2010. (Doc. 5, Lopez Dec at 8) Thus, unquestionably, Lopez *received* a copy of the complaint.  Once again, even assuming the operative date that Lopez received the complaint was June 1, 2010, the notice of removal, filed on October 19, 2010, was not timely.[3] 28 U.S.C. § 1446(b).

Alternatively, there is no dispute that Lopez's co-defendant/wife was served with the complaint by personal service on May 25, 2010.  Thus, the 30-day deadline to remove the matter runs from this date because it was the date that the *first* proper defendant was served.  See e.g., United Computer Sys. Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002) (explaining that the "first-served rule has apparently been adopted by the majority of the courts that have addressed the issue" but concluding that first-served defendant was sham defendant thus declining to apply "first-served" rule); see also McAnally Enterprises, Inc. v. McAnally, 107 F.Supp.2d 1223, 1226-28 (C.D.Cal. 2000) (outlining cases adopting the majority "first-served" rule and the minority "last-served" rule under § 1446(b) and adopting majority position).  The fact that Rita Lopez *was* served with the complaint and she lives in the same home as Lopez supports the application of the "first-served" rule to trigger the removal period.  In any event, the notice of removal was not timely even if the triggering date was the date that Lopez received the complaint.

Finally, though the notice of removal violated the rule of unanimity, Rita Lopez now asserts that she joins in the removal.  Even if this is sufficient at this late date, the notice of

---

Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the Kern County Superior Court for case number S-1500-CL-249339, containing the court system's records for filings in that Court is subject to judicial notice and judicial notice is taken of this docket.

[3] Consistent with this analysis, In the unpublished opinion Miles v. Banque Paribas, 1997 U.S. App. LEXIS 1389 at *3 (9th Cir. Cal. Jan. 24, 1997), the Court held that where service of process was defective, the timeliness of the notice of removal is measured from the date when the defendant receives a copy of the pleading through other means.

removal was not timely, as discussed above.

Therefore, in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 25, 2010, are ADOPTED IN FULL; and

2. The matter is REMANDED to the Kern County Superior Court; and

3. The Clerk of Court IS DIRECTED to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   November 19, 2010**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE